# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MARTHA AMMONS, | ) | |
| | ) | **Civil Action No. 3:17-cv-00505** |
| Plaintiff, | ) | |
| | ) | **District Judge Waverly D. Crenshaw, Jr** |
| v. | ) | |
| | ) | **Magistrate Judge Joe Brown** |
| ALLY FINANCIAL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OF PLAINTIFF'S CLAIMS</u>

Pursuant to Rules 12(b)(1) and 12(e) of the Federal Rules of Civil Procedure, Defendant Ally Financial Inc. ("Ally"), appearing specially so as preserve all defenses and without waiving any defense under Federal Rule of Civil Procedure 12, files this Memorandum of Law in support of its Motion to Dismiss or, in the Alternative, For a More Definite Statement of Plaintiff's Claims. The Court should dismiss the Plaintiff's Complaint in its entirety for lack of Article III standing because (1) Plaintiff is required to plead more than a mere violation of the Telephone Consumer Protection Act ("TCPA") to establish Article III standing; (2) trifling harms are insufficient to afford Article III standing; (3) harm under the TCPA cannot be assumed; (4) each call for which Plaintiff seeks recovery under the TCPA is a separate claim that must be supported by a separate showing of harm sufficient to establish Article III standing; and (5) Plaintiff does not allege facts demonstrating standing as to each call for which she seeks recovery. In the alternative to dismissal, Ally requests that the Court require Plaintiff to provide a more definite statement of her claims, identifying each call upon which she is making her claims and the factual basis supporting standing as to each of these claims.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...............................................................................................1

II.   ALLEGED FACTS............................................................................................2

III.  LEGAL STANDARD .........................................................................................3

IV.   ARGUMENT .....................................................................................................3

    A.   THE COMPLAINT MUST BE DISMISSED FOR LACK OF ARTICLE III
       STANDING ..............................................................................................3

          1.   Where Violation of a Statute Does Not Necessarily Cause Harm,
              *Spokeo* Holds that a Plaintiff Must Plead More than Mere
              Violation of the Statute to Establish Article III Standing ...........................4

          2.   Trifling Harms Do Not Afford Article III Standing, and Harm
              Must Never Be Assumed .............................................................................6

          3.   A Violation of the TCPA (Especially in the Context of
              Informational Calls) Does Not Necessarily Cause Harm ...........................8

          4.   Each Call Plaintiff Sues for is a Separate Claim That Must be
              Supported by a Separate Showing of Standing.........................................11

          5.   Plaintiff Does Not Allege Facts Demonstrating Actual Harm for
              Each Call .................................................................................................13

    B.   ALTERNATIVELY, THE COURT SHOULD REQUIRE PLAINTIFF TO
       PROVIDE A MORE DEFINITE STATEMENT OF HER CLAIMS..................13

V.    CONCLUSION.................................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*ACLU v. NSA*,
    493 F.3d 644 (6th Cir. 2007) .......................................................................................5, 10, 12

*Allen v. Wright*,
    468 U.S. 737 (1984)..........................................................................................................12

*Allstate Ins. Co. v. Global Med. Billing, Inc.*,
    520 Fed. Appx. 409 (6th Cir. 2013)....................................................................................3

*Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.*,
    77 F. 3d 364 (11th Cir. 1996) .........................................................................................2, 14

*Aranda, et al, v. Caribbean Cruise Line, Inc.*,
    202 F. Supp. 3d 850 (N.D. Ill. 2016) ...................................................................................5

*Baxter v. Faulam*,
    (1746) 1 Wils. K.B. 129, 95 Eng. Rep. 532 (K.B.).................................................................7

*Bonewitz v. Cigna Corp.*,
    No. 3:14-cv-02281, 2015 U.S. Dist. LEXIS 134737 (M.D. Tenn. Oct. 2, 2015)....................3

*Brandt v. Bd. of Educ. of City of Chicago*,
    480 F.3d 460 (7th Cir. 2007) ..............................................................................................7

*Cunningham v. Vanderbilt Univ.*,
    No. 3:16-cv-00223, 2017 U.S. Dist. LEXIS 40457 (M.D. Tenn. March 21,
    2017) (adopting Report and Recommendation of magistrate Judge Joe Brown
    in 2017 U.S. Dist. LEXIS 40456 (M.D. Tenn. Feb. 27, 2017))...............................................8

*David v. Fed. Election Comm'n*,
    554 U.S. 724 (2008).........................................................................................................12

*George v. Haslam*,
    112 F. Supp. 3d 700 (M.D. Tenn. 2015).................................................................................3

*Herrera v. AllianceOne Receivable Management, Inc.*,
    170 F. Supp. 3d 1282 (S.D. Cal. Mar. 17, 2016) .................................................................10

*Holtzman v. Turza*,
    2010 U.S. Dist. LEXIS 80756 (N.D. Ill. Aug. 3, 2010) .........................................................12

*Lemieux v. Lender Processing Center, et al.*,
    No. 16-cv-1850, 2017 U.S. Dist. LEXIS 47139 (S.D. Cal. March 24, 2017) ........................11

Case 3:17-cv-00505   Document 14   Filed 04/27/17   Page 3 of 22 PageID #: 39

*Leyshe v. Levy*,
　No. 16-4026, 2017 U.S. App. LEXIS 6855 (6th Cir. April 20, 2017)......................................8

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992)..........................................................................................................4

*Mey v. Venture Data, LLC*,
　No. 5:14-CV-123, 2017 WL 1193072 (N.D. W. Va. March 29, 2017)..................................8

*Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*,
　226 F.3d 1226 (11th Cir. 2000) ...............................................................................10, 15

*Mims v. Arrow Fin. Servs., LLC*,
　565 U.S. 368 (2012)..........................................................................................................8

*Raines v. Byrd*,
　521 U.S. 811 (1997)..........................................................................................................5

*Republic of Arg. v. Weltover, Inc.*,
　504 U.S. 607 (1992)..........................................................................................................7

*Ringgold v. Black Entm't Television, Inc.*,
　126 F.3d 70 (2d Cir. 1997)................................................................................................7

*Robins v. Spokeo, Inc.*,
　742 F. 3d 409 (9th Cir. 2014) ...........................................................................................6

*Romero v. Dep't Stores Nat'l Bank*,
　199 F. Supp. 3d 1256 (S.D. Cal. 2016)..................................................................1, 8, 11

*Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*,
　443 F.Supp.2d 976 (N.D. Ill. 2006) ..................................................................................7

*Saludin v. Milledgeville*,
　812 F.2d 687 (11th Cir. 1987) ..........................................................................................6

*Sartin v. EKF Diagnostics, Inc.*,
　No. 16-1816, 2016 U.S. Dist. LEXIS 86777 (E.D. La. July 5, 2016) ..............................1, 3, 6

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*,
　73 F.3d 546 (5th Cir.1996) ...............................................................................................7

*Skaff v. Meridien North America Beverly Hills, LLC*,
　506 F. 3d 832 (9th Cir. 2007) ...........................................................................................7

*Spokeo, Inc. v. Robins*,
　136 S. Ct. 1540 (2016) .............................................................................................. *passim*

iii

*St. Pierre v. Dyer*,
   208 F.3d 394 (2d Cir.2000)...................................................................................4

*Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*,
   633 F. Supp. 2d 610 (N.D. Ill. 2009) .....................................................................7

*Swerdlick v. Koch*,
   721 A. 849 (R.I. 1998)............................................................................................9

*Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*,
   No. 15 C 5182, 2016 U.S. Dist. LEXIS 581 (N.D. Ill. Jan. 5, 2016)......................12

*Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*,
   No. 6:15-cv-969, 2015 U.S. Dist. LEXIS 159479 ..................................................12

*US v. Skinner*,
   690 F. 3d 772 (2012)...............................................................................................9

*Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
   454 U.S. 464 (1982)................................................................................................4

*Vt. Agency of Natural Res. v. United States ex. rel. Stevens*,
   529 U.S. 765 (2000)................................................................................................4

*Ward v. Alternative Health Delivery Sys., Inc.*,
   261 F.3d 624 (6th Cir. 2001) ..................................................................................3

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990)................................................................................................15

*Wis. Dep't of Revenue v. William Wrigley, Jr., Co.*,
   505 U.S. 214 (1992)................................................................................................7

*Young v. Donahue*,
   No. 1:11-cv-0105, 2013 U.S. Dist. 135709 (M.D. Tenn. July 8, 2013) ..................14

iv

**Other Authorities**

13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
    3531 (2d ed. Supp. 2002)..........................................................................................12

18 FCC Rcd. 14014 (2003).............................................................................................10

27 FCC Rcd. 1830 (2012).............................................................................................10

Fed. R. Civ. P. 10(b) ........................................................................................2, 3, 12, 14

Fed. R. Civ. P. 12(e) .............................................................................................2, 3, 14

Rule 12(b)(1).....................................................................................................................3

v

# I.    INTRODUCTION

Plaintiff Martha Ammons ("Plaintiff") bears the burden of demonstrating Article III standing for each claim and form of relief she seeks. Plaintiff's Complaint fails to meet this burden. As such the Court should dismiss the complaint or, in the alternative, order Plaintiff to provide a more definite statement of her claims.

Plaintiff filed this action for purported violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as many as 500 violations of the TCPA, yet she sets forth only a single cause of action and includes only blanket allegations relating to her numerous claims. Plaintiff's Complaint does not state the circumstances surrounding her receipt of *each* of the 500 calls she contends are at issue, nor does she include allegations of the harm/injury resulting from *each* of these calls. This failure is fatal to Plaintiff's Complaint.

The United States Supreme Court recently reiterated that a Plaintiff must "clearly allege" facts establishing each element of standing at the pleadings stage. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ("*Spokeo*"), as revised (May 24, 2016). Further, the Supreme Court held that where a statutory violation does not necessarily cause real life harm, a Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 1544. Because violation of the TCPA does not necessarily cause any real life harm, Plaintiff must "clearly allege" facts demonstrating that *each* call at issue did, in fact, cause such harm. *See, e.g.*, *Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 U.S. Dist. LEXIS 86777 (E.D. La. July 5, 2016) (case dismissed where Plaintiff plausibly alleged that defendants violated the TCPA but failed to plead facts demonstrating how this statutory violation caused him concrete harm"); *Romero v. Dep't Stores Nat'l Bank,* 199 F. Supp. 3d 1256 (S.D. Cal. 2016) (case dismissed where plaintiff failed to establish injury in fact for

1

approximately 290 missed calls). Plaintiff has manifestly failed to meet this standard. As such, Ally requests that the Complaint be dismissed.

In the alternative, Ally requests that the Court order Plaintiff to provide a more definite statement, with each call presented as a separately pleaded count supported by factual allegations establishing its viability, including the harm(s) suffered by Plaintiff as a result of each such call. Fed. R. Civ. P. 10(b), 12(e); *see Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.*, 77 F. 3d 364, 366-367 (11th Cir. 1996).

## II.      ALLEGED FACTS

Plaintiff, the cosignor for an auto loan, alleges that she began receiving collection calls from Ally circa January 1, 2016. Complaint ("Compl."), ¶¶ 14, 20. She alleges that these calls were made using an "automated telephone dialing system" [1] and/or a pre-recorded voice. Compl., ¶ 12.

Plaintiff alleges that, "in or about December of 2015," she first requested that calls to her cell phone cease. Compl. ¶ 16. Plaintiff alleges subsequent oral cessation requests on October 24, 2016, December 1, 2016, and January 15, 2017, in addition to a number of unspecified, unidentified requests. Compl., ¶¶ 24-26, 28. Plaintiff alleges that Ally "placed approximately five-hundred (500) actionable calls to [her] cell phone," following December 2015. Compl., ¶ 30. Additionally, Plaintiff alleges several categories of "harm" that she claims were caused by these calls. Compl., ¶¶ 31-39. However, Plaintiff does not explain which, if any, of these harms were caused by each of the calls nor does she provide any factual basis for the harms allegedly suffered.

---

[1] While Ally denies that it uses such equipment, it does not challenge the sufficiency of Plaintiff's allegations on this point.

2

### III. LEGAL STANDARD

"A motion to dismiss based on lack of standing is appropriately brought under [Federal Rule of Civil Procedure] 12(b)(1) because standing is a jurisdictional matter, 'and a plaintiff's lack of standing . . . deprive[s] a court of jurisdiction.'" *Bonewitz v. Cigna Corp.*, No. 3:14-cv-02281, 2015 U.S. Dist. LEXIS 134737, *2 (M.D. Tenn. Oct. 2, 2015) (quoting *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001)); *George v. Haslam*, 112 F. Supp. 3d 700, 706 (M.D. Tenn. 2015) (recognizing the appropriateness of a Rule 12(b)(1) motion for "attack[ing] . . . subject matter jurisdiction").

Additionally, Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Further, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a *single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

### IV. ARGUMENT

### A. THE COMPLAINT MUST BE DISMISSED FOR LACK OF ARTICLE III STANDING

The fundamental flaw lurking within Plaintiff's Complaint is that she fails to specifically allege facts demonstrating the harm caused by each of the numerous calls at issue. *Spokeo*, 136 S. Ct. at 1550 (where a statutory violation does not necessarily cause real life harm a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation"); *Sartin*, 2016 U.S. Dist. LEXIS 86777, *1; *see also Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed.

Appx. 409, 410-11 (6th Cir. 2013) ("To adequately allege jurisdiction, the complaint 'must contain non-conclusory facts which, if true, establish that the district court ha[s] jurisdiction over the dispute.'"). This deficiency is absolutely fatal to the Complaint.

At an "irreducible constitutional minimum," Article III standing requires the plaintiff to "have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted); *accord Vt. Agency of Natural Res. v. United States ex. rel. Stevens*, 529 U.S. 765, 771 (2000); *St. Pierre v. Dyer*, 208 F.3d 394, 401 (2d Cir.2000); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc*., 454 U.S. 464, 472 (1982) ("[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.") (citation and internal quotation marks omitted).

As shown below, a violation of the TCPA does not necessarily cause harm in real life. Thus, Plaintiff cannot merely allege a violation of the statute and then stop. She must do more—specifically, she must "clearly allege" facts demonstrating that some concrete harm occurred as a result of each of the calls upon which she is claiming a statutory violation. Plaintiff has not done so here. Therefore, the Complaint should be dismissed.

1.      **Where Violation of a Statute Does Not Necessarily Cause Harm,** *Spokeo* **Holds that a Plaintiff Must Plead More than Mere Violation of the Statute to Establish Article III Standing**

In *Spokeo*, the United States Supreme Court reemphasized the importance of Article III standing requirements, particularly the requirement of a *de facto* injury that is concrete:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and

4

> purports to authorize that person to sue to vindicate that right. Article
> III standing requires a concrete injury even in the context of a
> statutory violation.

*Spokeo*, 136 S. Ct. at 1549. Thus, the Supreme Court recognized that Congress does not *create* harms for Article III purposes by enacting a statute, but merely elevates certain previously existing harms to "legally protected" status in enacting a statute. *Id.* at 1550. Indeed, "[i]t is settled" that Congress cannot create Article III standing by "statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 136 S.Ct. at 1547-48; *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997). While *Spokeo* recognizes that the violation of a statute is sufficient to confer standing under "some circumstances," the decision also elucidates the limits of those circumstances: where the violation of a statute does not necessarily cause harm in and of itself, a Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, at 1550. This remains true even where the statute creates a "right and purports to authorize that person to sue to vindicate [it]." *Id.* at 1549; *ACLU v. NSA*, 493 F.3d 644, 676 (6th Cir. 2007) ("The availability of a statutory claim . . . does not relieve the plaintiff[ ] of the need to establish constitutional standing to litigate that claim."); *see also Aranda, et al, v. Caribbean Cruise Line, Inc.,* 202 F. Supp. 3d 850 (N.D. Ill. 2016) (correctly identifying the key question as whether there is a "gap" between the protections of the statute and the harm the statute was designed to prevent but then concluding, incorrectly, that no such gap exists with respect to the TCPA). [2]

After elucidating the legal principles underlying Article III standing, *Spokeo*'s dispositive analysis of the case before it was compact and simple. The court first determined that "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Spokeo*, 136 S. Ct. at 1550.

---

[2]     *Aranda* found that no gap exists in the context of telemarketing calls. That is a questionable result, but one which need not be addressed here. The calls at issue in this case were informational calls. As shown below, that makes a significant difference.

5

And, as a result, the court held that Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" of the FCRA. *Id.*

This compact analysis applies equally well here. As shown below, a violation of the TCPA may also cause no real-life harm. As such, the Plaintiff here likewise cannot satisfy the demands of Article III by alleging a bare procedural violation of the TCPA. *See, e.g., Sartin*, 2016 U.S. Dist. LEXIS 86777, at *10-11 (threadbare allegations of harm insufficient to create standing in TCPA case). Therefore, this case must be dismissed.

### 2. Trifling Harms Do Not Afford Article III Standing, and Harm Must Never Be Assumed

A threshold question to be considered by this Court is: Exactly *what* harm suffices for Article III standing purposes? For many years most courts assumed that the mere violation of a statute impacted a Plaintiff's "legally protected interest" in a "concrete" manner sufficient to afford Article III standing, and this was the analysis adopted by the Ninth Circuit in the decision underlying *Spokeo. See Robins v. Spokeo, Inc.*, 742 F. 3d 409, 413 (9th Cir. 2014) (holding "[w]hen, as here, the statutory cause of action does not require proof of actual damages, a plaintiff can suffer a violation of the statutory right without suffering actual damages."). Of course, the Supreme Court held that this analysis is categorically wrong, or at least incomplete: the existence of an underlying *de facto* harm must also be shown to afford standing.

But *Spokeo* does not answer the next question: What level of harm is sufficient to demonstrate a *de facto* harm that affords standing? This is a challenging question requiring a qualitative assessment of the impacted right. *See, e.g.*, *Saludin v. Milledgeville,* 812 F.2d 687, 691 (11th Cir. 1987) ("[t]here is no minimum quantitative limit required to show injury; rather, the focus is on the qualitative nature of the injury regardless of how small the injury may be."). Thus, although many courts have found that an "identifiable trifle" can afford standing when the principle

6

at stake is very great,[3] many others have refused to recognize a trifling harm as sufficient. *See Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997); *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F. 3d 832, 840 (9th Cir. 2007) (violations of a statute that cause only a "trifling" injury are "insufficient to support constitutional standing"); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 613 (N.D. Ill. 2009) (unsolicited fax caused only trifling injury, insufficient to confer standing); *Brandt v. Bd. of Educ. of City of Chicago*, 480 F.3d 460, 465 (7th Cir. 2007) (doctrine that the law doesn't concern itself with trifles is a "venerable maxim" that "is part of the established background of legal principles against which all enactments are adopted"); *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F.Supp.2d 976 (N.D. Ill. 2006) ("the ancient maxim '*de minimis non curat lex*' might well have been coined" for the occasion in which a conversion claim is brought based solely on the loss of paper and toner consumed during the generation of a one-page unsolicited fax advertisement); *Baxter v. Faulam*, (1746) 1 Wils. K.B. 129, 129, 95 Eng. Rep. 532, 532 (K.B.) (holding that an apprentice was not required to pay taxes on his salary of six pence, noting that "this case falls under the saying of *de minimis non curat lex*"). Indeed, the principle that the law does not concern itself with trifles has frequently been followed by the Supreme Court. *See, e.g., Wis. Dep't of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992) ("[T]he venerable maxim *de minimis non curat lex* ('the law cares not for trifles') is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept.") (collecting cases); *Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 618 (1992).[4]

---

[3] *See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 557 (5th Cir.1996).

[4]     While not in the context of Article III standing, this Court has recognized the "trivial[ity]" of a plaintiff's complaints of "frustration, inconvenience, stress, anger and annoyance," in the face of

7

In formulating a "concrete" harm standard for this case, therefore, this Court should not consider trifling or *de minimus* injury as sufficient.

### 3. A Violation of the TCPA (Especially in the Context of Informational Calls) Does Not Necessarily Cause Harm

"[A] statutory violation in and of itself is insufficient to establish standing." *Leyshe v. Levy*, No. 16-4026, 2017 U.S. App. LEXIS 6855, at **7, 12-13 (6th Cir. April 20, 2017) (collecting cases relating to standing in the context of various consumer protection statutes). Because a violation of the TCPA does not necessarily cause harm, no concrete injury can be presumed where the allegations in Plaintiff's Complaint are lacking

The TCPA regulates conduct—making phone calls—which does not naturally cause harm in and of itself. Billions of phone calls take place daily without injuring their recipients. Phone calls are obviously not harmful by their nature; they only become so in certain limited contexts. *See, e.g.*, *Romero*, 199 F. Supp. 3d 1256, 1262 (an undetected missed call does not cause any harm). Congress has identified one such context in connection with enacting the TCPA—phone calls can cause harm when they invade consumer privacy.[5] Therefore, the TCPA creates a procedural protection to limit a harm to consumers—invasion of consumer privacy—that may or may not actually occur if the statute is violated.

Ally does not hide that many Courts have overruled *Spokeo* challenges in TCPA suits finding that Congress enacted the TCPA to create a substantive right to be free of "unwanted" calls. *See, e.g.*, *Mey v. Venture Data, LLC*, No. 5:14-CV-123, 2017 WL 1193072 (N.D. W. Va. March 29,

---

receiving telemarketing calls for purposes of a common law claim for intentional infliction of emotional distress. *Cunningham v. Vanderbilt Univ.*, No. 3:16-cv-00223, 2017 U.S. Dist. LEXIS 40457 (M.D. Tenn. March 21, 2017) (adopting Report and Recommendation of magistrate Judge Joe Brown in 2017 U.S. Dist. LEXIS 40456 (M.D. Tenn. Feb. 27, 2017)).

[5] *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) ("'Unrestricted telemarketing,' Congress determined, 'can be an intrusive invasion of privacy.'").

8

2017).  But that is not what the TCPA says or how it operates.  Whatever Congress may have intended, the TCPA creates only a prophylactic measure preventing *uninvited* calls — callers must obtain the called-party's consent before making certain categories of calls to a cell phone.  Indeed, the statute does not speak in terms of the subjective desire of the call recipient to receive calls at all.  It is true that the drafters specifically found the TCPA's broad prohibition on uninvited calls was the "only effective means"[6] to prevent *unwanted* calls that might cause harm by invading privacy—but it does not follow that *all* calls violating the TCPA are unwanted.[7]

Right at the threshold, therefore, a "gap" between the harm to be avoided by the statute and the procedure used to prevent the harm appears—people commonly welcome and enjoy calls that they did not expressly invite.  For instance, you may welcome a call from your mother although you did not ask for it, or from an old classmate who obtained your new cell phone number from a mutual friend.  You may also welcome a reminder call from a creditor when you forgot to update your automatic payment information and stand to face an avoidable late charge as a result.  Thus, under *Spokeo*, a mere technical violation of the TCPA's prophylactic consent provisions, divorced from the harm the statute was intended to prevent, is simply not judiciable.  *Spokeo,* 136 S. Ct. at 1549.

Plaintiff will likely counter that she has pleaded sufficient facts for the Court to *infer* that her privacy was invaded for each and every call because she allegedly asked for the calls to stop; if so,

---

[6]     Pub. L. No. 102-243, § 2(12), 105 Stat. 2394 (Dec. 20, 1991) (finding that "banning…automated or prerecorded telephone calls... except when the receiving party consents to receiving the call… is the only effective means of protecting telephone consumers…").

[7]     And there is a second leap of abstraction here as well—not all unwanted calls will *always* invade privacy.  A person walking down the street, for instance, has no established privacy right under the common law.  *See, e.g.*, *US v. Skinner*, 690 F. 3d 772, 778 (2012) (holding that a person travelling a public thoroughfare has no established privacy right under the common law); *Swerdlick v. Koch*, 721 A. 849, 857 (R.I. 1998) (finding that the protection against invasion of "one's physical solitude or seclusion" does not apply "when one ventures outside his or her house into public view").

9

Plaintiff would be wrong. First, Plaintiff has the burden to "clearly allege"[8] facts demonstrating standing, and must not ask the Court to merely assume standing. *See, e.g.*, *ACLU v. NSA*, 493 F.3d at 652-53 ("[T]he injuries . . . alleged must be described as precisely and unambiguously as possible" so that the court can conduct the requisite "particularized analysis" as to whether a plaintiff has standing for each claim asserted.); *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (A court "should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none...."). More fundamentally, however, the FCC has already determined that informational calls—including the debt collection calls at issue here—do <u>not</u> invade consumer privacy. *See In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14095, ¶ 136 (2003) ("2003 TCPA Order"); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1834, ¶ 9 (2012) ("2012 TCPA Order"). Indeed, the FCC has specifically carved out informational calls—including debt collection calls—from TCPA coverage with respect to calls to landlines. *See Herrera v. AllianceOne Receivable Management, Inc*., 170 F. Supp. 3d 1282, 1286-87 (S.D. Cal. Mar. 17, 2016) (all debt collection calls to landlines are exempted from TCPA coverage—even those that reach an unintended recipient); *see also* 2003 TCPA Order, ¶ 136; 2012 TCPA Order, ¶ 9. This carve out was only possible because **the FCC specifically found that such calls do not adversely affect privacy rights**. *Id*. [9] And the FCC has long and consistently recognized that informational calls do not cause the same level of annoyance to consumers. *See*

---

[8]      *Spokeo*, 136 S. Ct. at 1544.

[9]      Ally recognizes that the FCC's TCPA exemption for informational calls applies only to landlines. Ally is not seeking to take advantage of the exemption in this case, but the FCC's necessary and express finding that debt collection calls do not invade consumer privacy applies equally to cell phones and informs the proper application of *Spokeo* and Article III principles to the TCPA.

2012 TCPA Order, ¶ 48 ("[T]he record does not reveal a level of consumer frustration with non-telemarketing calls that is equal to that for telemarketing calls.").

Moreover, even if some unwanted informational calls *might* invade privacy, it cannot be assumed that all such calls do. For example, many calls will not be contemporaneously detected, much less received under circumstances that invade seclusion or privacy. *See., e.g.*, *Romero*, 199 F. Supp. 3d 1256, 1263 (dividing calls into categories for purposes of assessing standing); *Lemieux v. Lender Processing Center, et al.*, No. 16-cv-1850, 2017 U.S. Dist. LEXIS 47139, at *11 (S.D. Cal. March 24, 2017) ("[T]his Court agrees that a bare allegation of a violation of the TCPA could be an insufficient allegation of injury to establish standing, such as when a telephone call is unheard or unanswered…").

As a violation of the TCPA does not *necessarily* cause harm—much less meaningful harm—Plaintiff must allege facts demonstrating that each phone call did, in fact, cause such harm. *See Spokeo*, 136 S. Ct. at 1550 (recognizing that because the violation of one of the FCRA's procedural requirements "may result in no harm" the Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" of the FCRA).

4. **Each Call Plaintiff Sues for is a Separate Claim That Must be Supported by a Separate Showing of Standing**

Notably, Plaintiff must demonstrate standing for *each* call that she sues for. Here, Plaintiff contends that Ally violated the TCPA by placing "approximately five-hundred (500) actionable calls" to her cell phone after she asked that such calls cease. *See* Compl., ¶ 30. Accordingly, Plaintiff does not just seek one recovery for a single claim under the TCPA (*i.e.*, one recovery of either $500 or $1,500), rather she seeks recovery on potentially numerous purported separate violations of the statute, each one constituting a separate claim, carrying a separate price tag, and requiring a separate showing of harm. *See Romero*, 199 F. Supp. 3d 1256, 1261 (each separate

11

TCPA claim is a separate cause of action); *Holtzman v. Turza*, 2010 U.S. Dist. LEXIS 80756, at *5 (N.D. Ill. Aug. 3, 2010) ("[E]ach instance of a violation [of the TCPA] is independently actionable."). Unfortunately, however, Plaintiff does not comply with Federal Rule of Civil Procedure 10(b)'s requirement that a party state "each claim founded on a separate transaction or occurrence . . . in a separate count or defense." Fed. R. Civ. P. 10(b).

Plaintiff's attempt to aggregate her allegations "shotgun" style does not salvage her pleading. "[S]tanding cannot be dispensed in gross." *Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969, 2015 U.S. Dist. LEXIS 159479, at *6 (internal citations and quotation marks omitted). "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the *particular plaintiff* is entitled to an adjudication of the *particular claims* asserted." *ACLU v. NSA*, 493 F. 3d at 652 (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)) (alterations in original). Thus, *each* of Plaintiff's "numerous" claims must be separately supported by allegations "clearly"[10] demonstrating standing. 493 F. 3d at 652 ("[A] plaintiff must demonstrate standing for each claim he seeks to press."); *see also Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*, No. 15 C 5182, 2016 U.S. Dist. LEXIS 581, at *4 (N.D. Ill. Jan. 5, 2016) (finding that a TCPA plaintiff cannot "bootstrap" standing it may have with respect to claims for certain calls to claims based upon other calls that did not cause harm) (citing *David v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)); 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3531 (2d ed. Supp. 2002) ("A party with standing to advance one claim may lack standing to advance other claims."). Thus, Plaintiff cannot escape her obligation to plead standing as to each call upon which she seeks a recovery by congregating all calls into a single claim under the TCPA or by treating all calls as having caused the same "harms" across the board.

---

[10] *See Spokeo,* 136 S. Ct. at 1547.

### 5. Plaintiff Does Not Allege Facts Demonstrating Actual Harm for Each Call

With all of this in mind, it is clear that Plaintiff's Complaint must be dismissed. Although Plaintiff's Complaint includes several paragraphs in which she alleges generalized "harms" of receiving the calls; these allegations consist of nothing more than conclusory statements canvassed across "each and every call." *See* Compl., ¶¶ 32-39. Plaintiff's blanket allegations do not include any factual details from which it might be determined—or even inferred—that she has suffered a harm, and therefore satisfied the concrete injury element of Article III standing, for any particular call upon which she is seeking recovery. Moreover, any number of "harms" superficially alleged in Plaintiff's Complaint (without factual detail or link to any call or calls in particular), such as "wast[ing] time to deal with missed call notifications," Compl., ¶¶ 34-35, and "unnecessary expenditure of Plaintiff's cell phone's battery power," Compl., ¶ 36, are not harms at all—these are simply part of cell phone ownership. In the very least, such "harms" can be considered nothing more than mere trifles, as these are *de minimis* and insufficient to suffice as a concrete injury that might confer Article III standing.

Ultimately, Plaintiff bears the burden of demonstrating that she possesses standing to assert each of her claims. *See, supra*, section III.A.4. Because Plaintiff's Complaint does not allege *facts* demonstrating harm from each phone call at issue in the Complaint—and because harm cannot be assumed or inferred for each such call—the Motion should be granted and Plaintiff's Complaint dismissed for lack of standing.

### B. ALTERNATIVELY, THE COURT SHOULD REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT OF HER CLAIMS

Despite setting forth only a single cause of action, Plaintiff's Complaint does not just seek one recovery for a single claim under the TCPA. Instead, she seeks recovery on as many as 500 purported violations of the statute. Given the numerous separate claims Plaintiff presents in this

13

case, Plaintiff's Complaint is a classic example of an improper shotgun pleading. *See, e.g.*, *Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.,* 77 F. 3d 364, 364 (11th Cir. 1996) (classifying a pleading as "shotgun" style when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Where a defendant is faced with a shotgun pleading, a "defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson*, 77 F.3d at 366-67 (11th Cir. 1996); *see also Young v. Donahue*, No. 1:11-cv-0105, 2013 U.S. Dist. 135709 (M.D. Tenn. July 8, 2013) (acknowledging that "'[s]hotgun pleadings impede the administration of the district courts' civil dockets in countless ways,' including being 'a massive waste of judicial and private resources.'").

Moreover, as discussed above, *supra* section IV.A.4, courts have recognized that each separate violation of a statute gives rise to a claim which is independently actionable. Because each post-revocation call asserted by Plaintiff constitutes a separate violation of the TCPA, each call should be stated in a separate count. *See* Fed. R. Civ. P. 10(b). Plaintiff has not done so in her Complaint. Rather, in true shotgun fashion, Plaintiff does not tie any of her alleged injuries[11] to any particular call or calls, instead ambiguously asserting that such injuries were suffered "from each and every call" or "[a]s a result of the calls described above." Compl., ¶¶ 32-38. Further, Plaintiff does not specify *which* of the calls caused which type of injury, nor does she allege any facts that would indicate *how* any of these injuries were caused by any of the calls. Even if Plaintiff is found to have standing to assert a claim for some number of calls, this does not mean that she can recover for mere technical violations of the statute for <u>all</u> calls she alleges she received.

---

[11] As emphasized above, *supra*, section IV.A.2, Ally does not concede that these "injuries" are anything more than *de minimis*, or otherwise within the category of harm meant to be prevented by the TCPA.

14

These sorts of vague allegations are particularly inappropriate with respect to standing. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (A court "should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none...."); *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) (To plead standing, a plaintiff must "clearly and specifically set forth facts sufficient to satisfy [the] Article III standing requirements.").

Therefore, Ally requests that the Court order Plaintiff to more properly plead her Complaint, identifying each call upon which she is making her claims and the factual basis supporting standing as to each claim.

## V.     CONCLUSION

As Plaintiff has failed to meet her burden of pleading as to Article III standing, Ally respectfully requests that the Court grant its motion to dismiss. Alternatively, Ally respectfully requests that the Court grant its request for more definite statement and order Plaintiff to amend her Complaint to allege each call out of which Plaintiff is claiming a TCPA violation as a separately pleaded count supported by any pertinent factual allegations, including facts supporting Article III standing as to each and every call upon which she seeks recovery.

Respectfully submitted this 27th day of April, 2017.

*/s/ Alexandra N. Krasovec*
Eric J. Troutman (*pro hac vice*)
Alexandra N. Krasovec (*pro hac vice*)

**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
E-Mail: troutman.eric@dorsey.com
E-Mail: krasovec.alexandra@dorsey.com

*Counsel for Defendant Ally Financial Inc.*

15

**BURR & FORMAN LLP**

R. Frank Springfield (BPR # 025833)
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:  fspringfield@burr.com

Samuel A. Morris (BPR # 034878)
511 Union Street, Suite 2300
Nashville, TN 37219
Telephone: (615) 724-3200
Facsimile:  (615) 724-3358
E-Mail: smorris@burr.com

*Counsel for Defendant Ally Financial Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this 27th of April, 2017:

Mark A. Lambert
Morgan & Morgan
40 S. Main Street, Suite 2600
Memphis, TN  38103

Shaughn C. Hill
Morgan & Morgan, Tampa, PA
201 N. Franklin Street, 7th Floor
Tampa, FL  33602

*/s/ Alexandra N. Krasovec*
Alexandra N. Krasovec

16