UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTHA AMMONS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:17-cv-00505 |
| | ) CHIEF JUDGE CRENSHAW |
| ALLY FINANCIAL, INC., | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are motions for summary judgment. An issue of importance in this TCPA case is the revocation of consent to receive telephone calls. On March 16, 2018, the U.S. Court of Appeals for the District of Columbia Circuit – a court with particular expertise in interpreting F.C.C. rules and guidance – decided the case of ACA International v. Federal Communications Commission, et al., Case No. 15-1211, --- F.3d ---, 2018 WL 1352922 (D.C. Cir. Mar. 16, 2018). This case considered several broad challenges to the F.C.C.'s 2015 declaratory ruling clarifying the TCPA. One of these subject areas was: "how a consenting party [may] revoke her consent." Id. at *1. In some of the words of the Court:

> It is undisputed that consumers who have consented to receiving calls otherwise forbidden by the TCPA are entitled to revoke their consent. See 2015 Declaratory Ruling, 30 FCC Rcd. at 7996 ¶ 62. The statute, however, does not elaborate on the processes by which consumers may validly do so. The Commission sought to resolve the matter in its Declaratory Ruling.
>
> The Commission had been petitioned to clarify that callers can unilaterally prescribe the exclusive means for consumers to revoke their consent. It explicitly denied that request. Allowing "callers to designate the exclusive means of revocation," the Commission believed, could "materially impair" the "right of revocation." Id. at 7997 ¶ 66.

> The Commission instead concluded that "a called party may revoke consent at any time and through any reasonable means"—orally or in writing—"that clearly expresses a desire not to receive further messages." Id. at 7989-90 ¶ 47; id. at 7996 ¶ 63. In assessing whether a revocation request meets the "reasonable means" standard, the Commission said it would consider "the totality of the facts and circumstances." Id. at 7996 ¶ 64 n.233. One relevant factor is "whether the caller could have implemented mechanisms to effectuate a requested revocation without incurring undue burdens." Id. Another consideration is "whether the consumer had a reasonable expectation that he or she could effectively communicate his or her request . . . in that circumstance." Id.
>
> Petitioners challenge the Commission's treatment of revocations on various grounds, none of which we find persuasive. . . .

ACA International, 2018 WL 1352922, at *17-18. A detailed discussion followed.

To assist the Court in its resolution of the motions for summary judgment, the parties **SHALL**, no later than **April 11, 2018**, each file a brief of no more than ten pages setting forth their position on whether, and if so how, the ACA International decision is relevant to the case at bar. No responses will be necessary.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE